IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-00243-KD-B |
| | ) | |
| RODERICK LEVAR JONES, | ) | |
|     Defendant | ) | |

**ORDER**

This matter is before the Court on Defendant Roderick Jones' "Motion for Consolidation of State and Federal Sentence, and to be Remanded Over to Federal Custody, pursuant to 18 U.S.C. § 3584(a) and Rule 26.12 of Alabama and Federal Rule(s) of Criminal Procedure." (Doc. 51). Upon consideration, the motion is **DENIED** for lack of jurisdiction.

On December 12, 2012, Jones pled guilty to Count 1 of the Superseding Information in this action, which charged an offense of being an accessory after the fact to kidnapping in violation of 18 U.S.C. § 3. (Docs. 24, 27). On April 29, 2013, the Court sentenced Jones to 87 months in prison, followed by a 3 year term of supervised release. (Doc. 47). At sentencing, the Court and the parties noted that Jones was in federal custody pursuant to a writ from the state of Alabama. After sentencing, Jones was returned to state custody where he was later sentenced on state charges.

Jones' motion notes that he is currently serving a 40 year sentence imposed by the state of Alabama. (Doc. 51 at 1-2). In his motion, Jones requests that this Court enter an order permitting him to begin his federal sentence immediately, which would require his transfer to a federal facility. Specifically, Jones explains that he is "only seeking to be remanded over to federal custody to start his current federal sentence." (Doc. 51 at 1).

Jones states that "there is an order by the United States District Court that he may start his federal sentences, and that his federal and state sentence was to be run concurrent and to be retroactive." (Doc. 51 at 3). The Court has reviewed the record in this case and there is no such order.[1] The judgment stated, "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of EIGHTY-SEVEN (87) months, as to Count 1." (Doc. 47 at 2).

As grounds for his motion, Jones cites 18 U.S.C. § 3584(a), which states:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.**

18 U.S.C. § 3584(a). (emphasis added).

Jones' terms of imprisonment (a state term and a federal term) were imposed at different times. In September 2012, Jones was arrested on unrelated state charges and parole violation. In November 2012, he came into federal custody on a writ. Jones was sentenced on April 29, 2013. At the time of Jones' federal sentencing, he had not yet received a state sentence pertaining to his September 2012 charges and violation.[2] The Judgment does not specify that the federal sentence is to be run concurrent with the state sentence. Therefore, Jones' federal sentence is to be run consecutive to his state sentence(s). It would be up to the sentencing state court judge whether to

---

[1] Jones also cites to Doc. 49 at 4, which is a "PB Form 106" in which a hearing officer "recommend[s] that Mr. Jones be allowed to start his federal sentence to free up bed space at the state level." Jones has incorrectly identified this document as an order from the U.S. District Court.

[2] Jones was previously sentenced to a 40 year term of imprisonment on a state conviction for robbery in the first degree. He was paroled on December 21, 2009 but arrested for a parole violation on September 5, 2012. He has been in custody since that arrest. He notes that he is now serving the remainder of the 40 year sentence and that there is a federal hold on him to begin serving his federal sentence after he is released from state custody in 2040. (Doc. 51 at 2-3).

run the state sentence concurrent with the federal sentence.[3] This Court lacks jurisdiction to make adjustments to a state imposed sentence.

Further, to the extent Jones seeks the Court to modify his federal sentence, the Court's ability to do so is limited. Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno,* 421 F.3d 1217, 1219 (11th Cir. 2005). Under 18 U.S.C. § 3582(c), a court can only modify a defendant's term of imprisonment in three situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c). None of these special circumstances are present.  Therefore, the Court does not have jurisdiction to modify Jones' federal sentence of imprisonment.

Accordingly, Jones' motion to modify either his state and/or federal sentences is **DENIED** for lack of jurisdiction. Jones' request for a hearing is also **DENIED**. The Clerk is directed to mail a copy of this Order to the Defendant.

**DONE** and **ORDERED** this **13th** day of **May 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] At Jones' federal sentencing hearing, this Court made reference to the state court's ability to make this determination.